UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br>*ex rel.* ADAM B. RESNICK, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 06-10149-RGS |
| | ) | |
| v. | ) | |
| | ) | |
| OMNICARE, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF OMNICARE INC.'S
UNOPPOSED MOTION TO UNSEAL**

Defendant Omnicare, Inc. ("Omnicare") by its undersigned counsel requests that

this Court unseal all documents filed in this action other than the motions to extend the seal filed

by the United States and documents in support of such motions.

Omnicare has conferred with counsel for the United States and for Relators Adam

B. Resnick and Maureen Nehls, and they do not oppose this motion.

**BACKGROUND AND PROCEDURAL HISTORY**

Upon information and belief, Relators Adam B. Resnick and Maureen Nehls

initiated this action by filing under seal in the United States District Court, District of

Massachusetts, a *qui tam* complaint pursuant to the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*

("Massachusetts Action"). Because the case is still under seal, Omnicare does not know when

the original complaint was filed nor what it contained. Following a multi-year investigation

concerning allegations set forth in Relators' complaint (and four other *qui tam* actions), the

United States and Omnicare reached a settlement on October 30, 2009. In connection with the

settlement, Relator Resnick's Second Amended Corrected Complaint in the Massachusetts

Action was dismissed with prejudice as to Relator Resnick. Only the United States' complaint in

intervention [Docket Entry No. 33], Relator's Second Amended Corrected Complaint [Docket Entry No. 38], and the Stipulation and Order of Dismissal as to Omnicare [Docket Entry No. 43] were unsealed. Thus, many other filings, including the Relators' original and first amended complaints, remain under seal.

On January 8, 2010, two months after the Massachusetts Action was settled, an action entitled *United States ex rel. Resnick and Nehls v. Omnicare, Inc., Morris Esformes and Phillip Esformes*, Civ. Action No. 07-C-5777 (N.D. Ill.) ("Chicago Action"), was unsealed by Judge Holderman in the Northern District of Illinois. The Court unsealed the case soon after the United States and the State of Illinois filed separate notices stating that they declined to intervene in the matter.

The first document on the docket in the Chicago Action is Relators' Third Amended Complaint. Although the Court ordered Relators to serve the defendants with the Third Amended Complaint, Relators filed an *Ex Parte* Motion to Extend Time to Amend Complaint and Serve Defendants ("Motion"). A copy of Relators' Motion is attached hereto as Exhibit A.

In their Motion, Relators stated that the claims set forth in the Chicago Action were initially filed in the Massachusetts Action but, at the request of the United States, were subsequently transferred to the Northern District of Illinois pursuant to a Transfer Order dated July 26, 2007. All documents concerning the transfer motion appear to have been filed *ex parte* and under seal in the Massachusetts Action.

Relators' Motion in the Chicago Action was granted and Relators served Omnicare with their Fourth Amended Complaint on or around July 8, 2010. Omnicare's response to the Fourth Amended Complaint is due on September 27, 2010.

On or around September 8, 2010, counsel for Omnicare spoke with AUSA Gregg Shaprio and counsel for Relators Adam B. Resnick and Maureen Nehls to inquire as to whether they would oppose this motion.  Both parties advised counsel for Omnicare that they do not oppose this motion, except the United States stated that it did not want its motions to extend the seal to be unsealed.

## ARGUMENT

Pursuant to the False Claims Act, private citizen *qui tam* relators who believe the United States government has been defrauded in connection with certain federal activities or programs may file a complaint *in camera* and under seal.  31 U.S.C. § 3730(b)(2).  The complaint must remain under seal for at least 60 days, during which time the government will investigate the case and determine whether to intervene in the action.  *Id.*  The government may, for good cause, move to extend the time during which the complaint remains under seal.  31 U.S.C. § 3730(b)(3).  Although the statute contemplates that the complaint be unsealed once the government has made an intervention decision, the False Claims Act is silent with respect to whether other documents filed under seal are to remain under seal indefinitely.  *See, e.g., United States by Dep't of Defense v. CACI Int'l. Inc.*, 885 F. Supp. 80, 81 (S.D.N.Y. 1995) (FCA makes no mention of any government right "to keep *in camera* information under seal indefinitely").

Courts that have considered this issue have consistently held that the court file should be unsealed so long as it does not endanger an investigation.  *See United States ex rel. Health Outcomes Techs. v. Hallmark Health Sys.*, 349 F. Supp. 2d 170, 173 (D. Mass. 2004) (citations omitted).  *See also United States ex rel. Howard v. Lockheed Martin Corp.*, 2007 WL 1513999, at *2 (S.D. Ohio May 22, 2007); *United States ex rel. Yannacopolous v. Gen. Dynamics*, 457 F. Supp. 2d 854, 858 (N.D. Ill. 2006); *United States ex rel. Erickson v. Univ. of*

3

*Wash.*, 339 F. Supp. 2d 1124, 1126 (W.D. Wa. 2004); *United States ex rel. Johnson-Pochardt v. Rapid City Reg'l Hosp.*, 2003 U.S. Dist. LEXIS 4758, *8-9 (D.S.D. Jan. 21, 2003) (ordering all documents unsealed and noting that extending the seal period indefinitely would contradict the legislative intent underlying the False Claims Act); *United States ex rel. Goodstein v. McLaren Reg'l Med. Ctr. Family Orthopedic Assoc., L.L.C.*, 2001 U.S. Dist. LEXIS 2918, *8 (E.D. Mich. Jan. 24, 2001) (unsealing the Government's Applications for Extensions of Seal and Extension of Time for the Government to Elect to Intervene and their supporting materials); *United States ex rel. Coughlin v. IBM*, 992 F. Supp. 137, 141 (N.D.N.Y. 1998); *United States ex rel. Pentagon Tech. Int'l Ltd.*, 885 F. Supp. 80, 83 (S.D.N.Y. 1995); *United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 902 F. Supp. 189, 192 (E.D. Mo. 1995); *United States ex rel. Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994).

Now that the Chicago Action has been unsealed and the United States and the State of Illinois have declined to intervene, there is no reason to keep the docket under seal in the Massachusetts Action.  Omnicare believes that there were numerous pleadings, applications and motions that could provide information useful to Omnicare's defense of the Chicago Action. *See Health Outcomes Techs.*, 349 F. Supp. 2d at 174 (ordering case file unsealed because the file may be helpful, as defendants suggest, in establishing defenses such as exhaustion of the limitations period or improper venue); *see also Straus*, 846 F. Supp. at 23.[1]

---

[1] Indeed, in addition to Omnicare's right as a party to the Massachusetts and Chicago Actions to have access to the court file, Omnicare, as a member of the public, enjoys a strong presumption of access to judicial records under the common law and the First Amendment. *See F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 408 (1st Cir. 1987); *see also Siedel v. Putnam Inv., Inc.*, 147 F.3d 7, 9-10 (1st Cir. 1998); *Gambale v. Deustche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004).

## CONCLUSION

For the foregoing reasons, Omnicare requests that the Court enter an Order unsealing the Massachusetts Action court file, with the exception of the Government's motions to extend the seal.

Respectfully submitted,

OMNICARE, INC.
By its attorneys:

/s/ *Paul W. Shaw*
Paul W. Shaw (BBO #455500)
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111-2950
(617) 261-3100

Dated: September 24, 2010

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper or electronic copies will be sent to those indicated as non-registered participants on today's date.

/s/ Paul W. Shaw
Paul W. Shaw

Date: September 24, 2010